**FAY–RAY CORPORATION, d/b/a Chequers, Appellant,**

v.

**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee.**

No. 03–97–00220–CV.

Court of Appeals of Texas, Austin.

Jan. 8, 1998.

Rehearing Overruled Feb. 12, 1998.

E. Eugene Palmer, Austin, for appellant.

Dan Morales, Atty. Gen., Bruce McCandless, III, Asst. Atty. Gen., TABC Legal Section, Austin, for appellee.

Before POWERS, ABOUSSIE and B A. SMITH, JJ.

BEA ANN SMITH, Justice.

The Texas Alcoholic Beverage Commission found that while operating a bar called Chequers, appellant Fay–Ray Corporation violated the Dram Shop Act by serving an obviously intoxicated person who shortly after leaving the bar caused a fatal automobile accident. The Commission canceled appellant's mixed beverage permit and mixed beverage late hours permit. Fay–Ray sought judicial review of the cancellation and the district court affirmed the Commission's order. Appellant challenges that decision in six points of error. We will affirm the Commission's order.

## BACKGROUND

In June 1995, Jack Jordan went to Chequers, a bar and restaurant owned by Fay–Ray, and drank alcoholic beverages there from approximately 7:00 p.m. to 10:15 p.m. In those few hours, Jordan drank a minimum of four beers and six shots of Tuaca liquor. Jordan left the bar alone in his "one-ton" truck. Proceeding south on FM 2322, he crossed the yellow center line and hit a north-bound car. Jordan and his truck continued south in the north-bound lane and hit another car, rolling up onto the hood and then back off where it finally rested on its side. The first impact severely injured the passenger and killed the driver; it took three hours to remove the deceased from the vehicle. When EMS and Department of Public Safety officers arrived at the scene Jordan was belligerent and smelled of alcohol. He was taken to the hospital for minor lacerations. A blood specimen was taken pursuant to orders by the DPS officer who had been at the scene of the accident. Jordan's blood alcohol content was .32, more than three times the legal limit in Texas. Before the blood test results were known, DPS determined from the accident scene that alcohol had been a large factor in the multiple-car collision and notified the Commission.

After investigation, the Commission initiated a proceeding against Fay–Ray to revoke its mixed beverage permit and mixed beverage late hours permit, claiming it (1) sold or delivered an alcoholic beverage to an intoxicated person and (2) served an individual an alcoholic beverage while it was apparent that the person was obviously intoxicated and that intoxication was the proximate cause of damages, in violation of the Texas Alcoholic Beverage Code. See Tex. Alco. Bev.Code Ann. §§ 2.02, 6.01, 11.61 (West 1995). After a hearing, the Commission adopted the Administrative Law Judge's (ALJ's) Proposal for Decision, including the findings of fact and conclusions of law, and canceled Fay–Ray's permits. Fay–Ray brought suit in district court which affirmed the Commission's order canceling both permits. Fay–Ray now appeals that judgment.

## STANDARD OF REVIEW

The standard of review of the Commission's order is that provided for in cases of "substantial evidence" review under the terms of the Administrative Procedure Act (APA). See Tex. Gov't Code Ann. § 2001.174 (West 1998); see also Tex. Alco. Bev.Code Ann. § 11.67. The agency order may not be reversed unless the agency record demonstrates that appellant's substantial rights have been prejudiced by the Board's committing one of the errors listed in section 2001.174(2)(A)–(F) of the APA. Without directly stating so, Fay–Ray challenges the Commission's order based on sections (C), (D), (E) and (F).[1]

---

1. Section 2001.174 provides, in pertinent part, that review of a contested case decision under the substantial evidence rule, the court may not substitute its judgment for the judgment of the state agency but:

 (2) shall reverse or remand for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences or conclusions, or decisions are:

 (C) made through unlawful procedure;

 (D) affected by other error of law;
 (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
 (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code Ann. § 2001.174.

## ANALYSIS

■ In addition to asserting that certain findings of the Commission's order are not supported by substantial evidence, and challenging certain evidentiary rulings made by the ALJ, appellant asks us to interpret the Alcoholic Beverage Code in a way that removes its liability. We will begin our analysis by examining the Dram Shop Act.

■ In point of error one, Fay–Ray suggests that the server must have had a *specific intent* to violate the statute before the permits may be canceled. Fay–Ray was found to have violated sections 2.02(b) and 11.61 of the Alcoholic Beverage Code. Section 2.02(b) states:

> (b) Providing, selling, or serving an alcoholic beverage may be made the basis of a revocation proceeding under section 6.01(b) of this code upon proof that:
>
> (1) at the time the provision occurred it was *apparent to the provider* that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and
>
> (2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of damages suffered.

Tex. Alco. Bev.Code Ann. § 2.02(b) (emphasis added). Section 2.02(b) does not authorize the Commission to revoke a permit; rather it provides a rule which if violated may be a ground for revocation under section 6.01.[2] *Id.*

The Dram Shop Act was intended "to provide a statutory remedy where the *negligence* of a bar was found to be the proximate cause of the individual's injury." *I–Gotcha, Inc. v. McInnis,* 903 S.W.2d 829, 838 (Tex. App.—Fort Worth 1995, writ denied) (emphasis added). Thus, the server of alcoholic beverages is held to an objective standard of what a reasonably prudent person would have observed as "obviously intoxicated," whether or not there was a subjective intent to serve an intoxicated person. *See Zidell v.*

*Bird,* 692 S.W.2d 550, 554 (Tex.App.—Austin 1985, no writ). Section 11.61(b)(14) permits the Commission to cancel a permit if the "permittee sold or delivered an alcoholic beverage to an intoxicated person." Tex. Alco. Bev.Code Ann. § 11.61(b)(14). Section 11.61 does not contain any language which would indicate that a specific intent to violate that statute is required.

■ Fay–Ray argues that because intent is required in some criminal violations of the Code, the same "knowing" standard must be imputed to this civil sanction. *Id.* § 101.63(a) (in general criminal provisions chapter, "[a] person commits an offense if he knowingly sells an alcoholic beverage to an habitual drunkard or an intoxicated or insane person"). The Commission did not revoke Fay–Ray's permits for an offense committed under the criminal statutes, but revoked the permits for violations of the civil statutes which do not require specific intent or *scienter.* Furthermore, the fact that there must be specific intent to find a permittee or licensee criminally negligent for selling beer to a minor and to cancel a permit for this violation does not require us to "harmonize" the Code by imposing a requirement of specific intent before a permit may be revoked for the negligence addressed by the Dram Shop Act in another section of the Code or under section 11.67. *See J & J Beverage v. Texas Alcoholic Beverage Comm'n,* 810 S.W.2d 859 (Tex.App.—Dallas 1991, no writ). We reject appellant's reading of section 2.02 and 11.61 and overrule point of error one.

■ Fay–Ray also claims several evidentiary errors were committed at the hearing and without such erroneous rulings there is no substantial evidence to support the agency's order. In point of error two, appellant contends evidence of Jordan's blood alcohol test was erroneously admitted because the governing statute at the time of accident barred the admissibility of blood test results in a civil proceeding. We disagree. Currently, section 724.063 provides for the admission of a blood test result in a civil action. Tex. Transp. Code Ann. § 724.063 (West

---

**2.** Section 6.01 states that a "permit issued under this code is a purely personal privilege and is subject to revocation or suspension if the holder is found to have violated a provision of this code or a rule of the commission." *Id.* § 6.01.

1998). However, the statute in effect at the time of the incident was article 6701*l*–5 of the Traffic Regulations Code.[3] The legislative history indicates only the admissibility of blood test results in criminal proceedings are governed by the statute's strict guidelines. *Id.* The former act limited admissibility of blood tests in criminal proceedings but did not address their admissibility in a civil proceeding. *Id.* The Second Court of Appeals decided this issue in *March v. Victoria Lloyds Ins.*, 773 S.W.2d 785, 788 (Tex.App.—Fort Worth 1989, writ denied). In that case, the family of a truck driver, who was killed on the road due to his own intoxication, attempted to limit the admissibility of his blood alcohol level by relying on the statutory requirements of article 6701*l*–5, section 3. *Id.* The appellate court ruled that the "requirements pertain[ed] only to the admissibility of chemical tests in suits in which a defendant is charged with driving while intoxicated." *Id.* (citing Tex.Rev.Civ. Stat. Ann. art. 6701*l*–5, § 3(a) (West.Supp.1989)). In *El Chico Corp. v. Poole,* the Texas Supreme Court decided that the family of a motorcyclist who was killed by a drunk driver had a negligence cause of action against the bar who served the driver for serving an intoxicated person. 732 S.W.2d 306 (Tex. 1987). While not specifically addressing the issue of admissibility of blood-test results the court listed as evidence of his intoxication the driver's blood alcohol level. *Id.* at 309. In keeping with this precedent, we find that Jordan's blood alcohol level of .32 was admissible in the civil proceeding. Its admissibility is governed by the rule of civil evidence in effect at that time. We overrule point of error two.

▮▮▮▮ In point of error three, Fay–Ray claims unreliable testimony was erroneously admitted as expert testimony at the administrative hearing. Appellant argues that J. Rod McCutcheon, who testified regarding blood-alcohol analysis and the effects of alcohol on the human body, should not have been recognized as an expert witness because his methodology and analysis were not scientifically reliable. Like a trial court, an ALJ has broad discretion in deciding whether to admit expert testimony in an administrative hearing, and her decision will not be disturbed absent an abuse of discretion. *See* Tex. Gov't Code Ann.2001.081 (1998); *Lopez v. City Towing Assoc., Inc.,* 754 S.W.2d 254, 260 (Tex.App.—San Antonio 1988, writ denied); *see also Lindsey v. O'Neill,* 689 S.W.2d 400, 402 (Tex.1985). Expert opinion testimony should be admitted when it will assist the trier of fact in understanding the evidence or in determining a fact issue. Tex.R. Civ. Evid. 701; *see Story Serv., Inc. v. Ramirez,* 863 S.W.2d 491, 499 (Tex.App.—El Paso 1993, writ denied).

McCutcheon's testimony was elicited for the purpose of estimating Jordan's blood alcohol concentration and the physical effects upon a human at the time he was served his last drink. On voir dire, McCutcheon testified to his extensive training and experience in the field of blood alcohol analysis and interpretation. McCutcheon also revealed that he had given his expert opinion in some three hundred cases. After questioning McCutcheon herself, the ALJ allowed the witness to testify as an expert. Because we find no abuse of discretion, we overrule point of error three.

▮▮▮▮ In point of error five, Fay–Ray argues that Karen Kinney, the bar waitress who served Jordan, was improperly considered an adverse witness, thereby allowing the Commission to ask her leading questions. Generally, the decision whether to allow trial counsel to ask leading questions lies within the trial court's discretion. *See Cecil v. T.M.E. Inv., Inc.,* 893 S.W.2d 38, 47 (Tex. App.—Corpus Christi 1994, no writ). A similar standard applies in an administrative hearing. To obtain reversal on this point, appellant must show that the abuse of discretion probably caused the rendition of an improper judgment. *Id.* Kinney was a former employee of Fay–Ray and at the time of the hearing she was facing possible criminal charges based on her sale of alcohol to Jordan. Understandably, she would have been uncooperative to the Commission in its efforts to prove Jordan's intoxication was apparent to her when she continued to serve

---

**3.** Act of June 7, 1971, 62d Leg., R.S., ch. 709, § 3, 1971 Tex. Gen. Laws 2340, 2342.

him; the ALJ properly allowed the Commission to ask Kinney leading questions. We find no abuse of discretion. Furthermore, had this been incorrect it was not reversible error because Kinney's admission that she was aware of Jordan's intoxication was confirmed by other witnesses who testified that Kinney had confided to them that Jordan was intoxicated. Thus, allowing the Commission to ask Kinney leading questions did not probably result in an improper judgment. We overrule point of error five.

**■■■■** In point of error six, appellant claims certain findings of fact which the Commission adopted are not supported by substantial evidence. The agency's findings, inferences, and conclusions are presumed to be supported by substantial evidence, and the appealing party bears the burden of showing a lack of substantial evidence. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 453 (Tex.1984). Appellant cannot meet this burden merely by showing that the evidence preponderates against the decision. *Charter Medical,* 665 S.W.2d at 453. If substantial evidence would support either affirmative or negative findings, the reviewing court must uphold the order, resolving any conflicts in favor of the agency's decision. *Auto Convoy Co. v. Railroad Comm'n,* 507 S.W.2d 718, 722 (Tex.1974). "The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency." *Charter Medical,* 665 S.W.2d at 452.

The findings of fact appellant contends were not supported by substantial evidence are the following:

(18) Mr. Jordan's intoxication was open to view, evident, and capable of being easily understood by Ms. Kinney, an experienced bartender who had in the past attended a TABC seller-server training course.

(19) Ms. Kinney served, sold, and provided alcohol to Mr. Jordan when he was intoxicated and further, when he was obviously intoxicated.

(21) It was apparent to Ms. Kinney that Mr. Jordan's state of intoxication would distort his perception, slow his reactions, impair his motor skills, and render him a clear danger to himself and others on the dark, hilly and winding 2–lane road on which Chequers (the bar) was located.

(22) Mr. Jordan's intoxication rendered him unable to keep his vehicle in control and in the appropriate lane of FM 2322.

(23) Mr. Jordan's intoxication and his resulting failure to keep his vehicle in control and in the appropriate lane of FM 2322 caused this accident and the resulting death of . . . and injury of . . . [the deceased].

(25) Mr. Jordan's intoxication was a proximate cause of the accident and the resulting death of . . . and injury of . . . [the deceased].

We first note that Fay–Ray has failed to brief this point of error and therefore cannot sustain its burden of showing the lack of substantial evidence. *See id.* at 453. However, in reviewing all the evidence we find the record provides ample basis for the Commission's findings and its subsequent order. In addition to the foregoing evidence, at least three witnesses testified that they were at Chequers the night of the accident. All confirmed that Jordan was at the bar drinking beer and shots of liquor. One witness stated that Jordan slipped off his chair, stumbled a little while at the bar, that his speech was slurred and that he smelled of alcohol. Another witness testified that it was obvious to her that Jordan was intoxicated. Her male companion claimed, "This guy was so drunk he even asked me to dance." Because there is substantial evidence to support the findings and the conclusions of law based on those findings, we overrule point of error six.

**■■■■** In point of error four, appellant complains that the severe sanction of revoking the permits was arbitrary and capricious and without due process of law, considering that Fay–Ray had no prior violations of the Code during ten years of operation. Additionally, appellant urges that the comparative fault of the other driver, now deceased, should have been considered in reducing the sanction imposed. We note that in section

2.02(b), revocation is the only sanction mentioned; suspension of a permit is not listed as an alternative. Furthermore, an agency has broad discretion in determining which sanction best serves the statutory policies committed to the agency's oversight. *See Emory v. Texas State Bd. of Medical Exam'rs,* 748 F.2d 1023, 1026 (5th Cir.1984). An agency's decision in determining an appropriate penalty will not be reversed unless an abuse of discretion is shown. *See Sears v. Texas State Bd. of Dental Exam'rs,* 759 S.W.2d 748, 751 (Tex.App.—Austin 1988, no writ). It goes without saying that revocation of appellant's permits was not arbitrary and capricious in light of the tragic fatality resulting from the very act of negligence addressed by the Dram Shop Act. An alcoholic beverage permit is a privilege, not a right, *see Texas Alcoholic Beverage Commission v. Macha,* 780 S.W.2d 939, 943 (Tex.App.—Amarillo 1989, writ denied), and appellant received all the process of law due under the APA. Finally, the principle of comparative fault applicable in assessing damages in a negligence action, Texas Civil Practices and Remedies Code, section 33.001(a) (1986), does not apply to the revocation of a licensee's permit under section 2.02(b), which only requires that the intoxication of the individual who was provided alcohol while intoxicated be a proximate cause of the damages suffered. We overrule appellant's fourth point of error.

## CONCLUSION

Because we find the order is supported by substantial evidence, is not arbitrary or capricious, and is not affected by other error of law, we affirm the district court's judgment which affirmed the Commission's order revoking Fay–Ray's permits.