**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Humaira ZHAO, Appellee.**

No. 03–98–00406–CV.

Court of Appeals of Texas, Austin.

June 4, 1999.

---

Kevin M. Givens, Texas Dept. of Public Safety, Supervising Atty., Austin, for appellant.

Betty Blackwell, Austin, for appellee.

Before Justices JONES, B.A. SMITH and YEAKEL.

LEE YEAKEL, Justice.

Appellant, the Texas Department of Public Safety (the "Department"), appeals from a final judgment of the county court at law reversing a decision of an administrative law judge ("ALJ"), which suspended appellee Humaira Zhao's driving privileges.[1] The Department contends that the

---

1. *See* Tex. Transp. Code Ann. § 524.041(b) (West 1999). We will refer to the county

reviewing court erred in concluding that the ALJ improperly admitted evidence at the administrative hearing conducted after Zhao refused to submit a breath specimen, and therefore the reviewing court should not have reversed the ALJ's decision. We will reverse the judgment of the reviewing court and render judgment reinstating the administrative order authorizing the Department to suspend Zhao's driving privileges.

## BACKGROUND

On October 6, 1997, shortly after 3:00 o'clock a.m., Zhao was arrested for driving while intoxicated. An officer of the Manor Police Department stopped Zhao after observing that she was unable to maintain a single marked lane while driving.[2] The officer testified that he smelled the odor of alcohol and that Zhao appeared flustered and slurred her speech. Zhao admitted to the officer that she had been drinking. She stumbled and appeared to have difficulty walking. Based on these observations and Zhao's poor performance on several field sobriety tests, the officer arrested Zhao. At the police station, Zhao refused to give a breath specimen. As a result, Zhao's driver's license was subject to automatic suspension.[3] She signed a driving while intoxicated statutory warning acknowledging her refusal to give such a specimen and stating that she understood the consequences of her refusal.[4] Zhao requested a hearing to contest the suspension of her license.[5] Prior to the hearing, Zhao requested production of all documents that the Department intended to introduce at the hearing. The Department received this request on Wednesday,

October 29, 1997, and responded on Friday, October 31 that it had no documents in its possession. The Department received the DIC–24 the next Monday, November 3, and produced it to Zhao on Wednesday, November 5. The hearing was held on December 9.

The Department proffered the DIC–24 at the hearing. Zhao objected to the admission of this evidence, claiming that she did not receive the document within five days of her request for production. *See* 1 Tex. Admin. Code § 159.13(1) (1998). However, the ALJ admitted the DIC–24 over Zhao's objection. Based on the DIC–24 and the testimony of the arresting officer, the ALJ authorized the suspension of Zhao's driving privileges for ninety days. Zhao requested review. After finding that the ALJ improperly admitted the DIC–24 into evidence, the reviewing court reversed the suspension.

The Department appeals the decision of the reviewing court, asserting: (1) the court improperly substituted his own interpretation of the five-day requirement for production of documents to be used at an administrative hearing, and (2) the ALJ's decision on the admissibility of evidence was not an abuse of discretion and did not prejudice the substantial rights of Zhao.

## DISCUSSION

 The Department's challenge to the reviewing court's reversal of the license suspension calls for a determination of the proper interpretation of section 159.13(1) of the Rules of Procedure for Administrative License Suspension Hearings. This rule provides in pertinent part:

court at law as the reviewing court.

**2.** *See* Tex. Transp. Code Ann. § 545.060 (West 1999).

**3.** *See* Tex. Transp. Code Ann. § 724.035 (West 1999).

**4.** The statutory warning signed by Zhao is entitled "DWI Statutory Warning, DIC–24" (the "DIC–24" for simplicity). The DIC–24 states, "If you refuse to give the specimen,

that refusal may be admissible in a subsequent prosecution. Your license, permit, or privilege to operate a motor vehicle will be suspended or denied for not less than ninety (90) days if you are 21 years old or older...." The arresting officer read this warning to Zhao, while Zhao followed along on a copy.

**5.** *See* Tex. Transp. Code Ann. § 724.041 (West 1999).

The scope of prehearing discovery in these proceedings is as follows:

A defendant shall be allowed to review, inspect and obtain copies of any non-privileged documents or records contained in the department's file or possession at any time prior to the hearing. If defendant submits a written request accompanied by an amount sufficient to pay for copying charges, ... *the department shall furnish copies of such documents or records to the defendant within five days of receipt of the request.* Any request for production of documents or records not in the department's possession shall be denied by the Judge. Any document or record that has not been made available by the department to the defendant pursuant to request shall not be introduced into evidence by the department.

1 Tex. Admin. Code § 159.13(1) (1998) (emphasis added).

The ALJ interpreted section 159.13(1) to mean that the Department had five "working" days, after Zhao's request, to furnish copies of any documents in the Department's *possession,* specifically the DIC–24. The Department received Zhao's request on a Wednesday. The ALJ ruled that the Department's production of the DIC–24 on the following Wednesday was within five working days of the request and therefore not a violation of section 159.13(1). The ALJ further ruled that even if section 159.13(1) requires production within five "calendar" days, the Department's initial response (that it did not have any documents in its possession) made on the Friday following Zhao's request, satisfied the five-day requirement and the Department was entitled to later supplement its response when it received the DIC–24.

The reviewing court, on the other hand, found that the DIC–24 was not timely produced under section 159.13(1) because production must occur within five calendar days of the request. The court did not address the right of the Department to supplement its initial response.

The Department argues that the reviewing court should not have substituted his own interpretation of the five-day requirement in section 159.13(1) for that of the ALJ, and that the court further erred in impliedly ruling that the Department was not entitled to supplement its initial response.

■ The reviewing court concluded as a matter of law that section 159.13(1) required the Department to produce the DIC–24 within five calendar days of Zhao's request. The Administrative Procedure Act [6] governs the scope of our review. *See* Tex. Transp. Code Ann. § 524.002(b) (West 1999). Pursuant to that act, we review an ALJ's determination of a question of law *de novo. See In re Humphreys,* 880 S.W.2d 402, 404 (Tex.), *cert. denied,* 513 U.S. 964, 115 S.Ct. 427, 130 L.Ed.2d 340 (1994); *Martin v. Dep't of Pub. Safety,* 964 S.W.2d 772, 774 (Tex. App.—Austin 1998, no pet.).

Section 159.13(1) disallows the introduction into evidence of documents that have not been provided after a proper request for production. *See* 1 Tex. Admin. Code § 159.13(1) (1998). Zhao argues (and the reviewing court concluded) that this sanction should have been imposed by the ALJ because the Department did not produce the DIC–24 within five calendar days of Zhao's request.

■ The administrative hearing was held by an ALJ employed by the State Office of Administrative Hearings ("SOAH"). *See* Tex. Transp. Code Ann. § 724.041(d) (West 1999). Section 159.13 was adopted by SOAH to define the scope of prehearing discovery allowed a defendant in an administrative license revocation case. *See* 19 Tex. Reg. 10221 (1994). An agency's reasonable interpretation of its own rules is generally entitled to deference by the courts. *See Public Util. Comm'n v. Gulf States Utils. Co.,* 809

---

**6.** *See* Tex. Gov't Code Ann. §§ 2001.001–.902

(West 1999).

S.W.2d 201, 207 (Tex.1991); *Sharp v. International Bus. Machs. Corp.*, 927 S.W.2d 790, 793 (Tex.App.—Austin 1996, writ denied). The reviewing court is limited to determining whether the administrative interpretation "is plainly erroneous or inconsistent with the regulation." *Gulf States Utils.*, 809 S.W.2d at 207 (citing *United States v. Larionoff*, 431 U.S. 864, 872, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977)).

The Rules of Procedure for the State Office for Administrative Hearings now include a rule addressing computation of time. *See* 22 Tex. Reg. 12740 (1997) (to be codified at 1 Tex. Admin. Code § 155.19). Like the Texas Rules of Civil Procedure, this new rule provides that for periods of five days or fewer, intervening Saturdays, Sundays, and legal holidays are not counted. *Compare* 22 Tex. Reg. 12740 *with* Tex.R. Civ. P. 4. While we recognize that the administrative hearing in this case occurred before this amendment took effect,[7] the amendment is in accord with the ALJ's interpretation of the five-day period in section 159.13(1). Specifically, the Department's production of the DIC–24 was "within five days" according to the amended rule. The existence of the five-day provision in the rules of civil procedure and the congruence between that rule and the amended section 155.19 is persuasive and leads us to the conclusion that the ALJ's interpretation of section 159.13(1) was reasonable and not "plainly erroneous or inconsistent with the regulation." *See Gulf States Utils.*, 809 S.W.2d at 209.

■ In addition, Zhao's contention that the relevant documents should not have been introduced because the Department did not produce the DIC–24 within five calendar days of her request ignores the statutory limitation that the records be in the Department's possession at the time of the request. *See Raesner v. Texas Dep't of Pub. Safety*, 982 S.W.2d 131, 133 (Tex.App.—Houston [1st Dist.] 1998, pet. denied). The language of section 159.13(1) indicates that the Department is not required to produce documents that it does not have in its possession. The provision requires "any request for production of documents or records *not in the department's possession*" be denied by the ALJ. 1 Tex. Admin. Code § 159.13(1) (1998) (emphasis added). This implies, and common sense dictates, that the Department is not required to produce documents that it does not possess. It would be nonsensical for the response period to begin (and perhaps expire) at a time when the Department does not have a requested document in its possession. We recognize, as is the case here, that a local law enforcement agency often prepares the DIC–24 and forwards it to the Department.

Section 159.13(1) further states, "Any document or record that has not been made available by the department to the defendant pursuant to request shall not be introduced into evidence by the department." *Id.* Pursuant to this provision, the Department is held responsible at the hearing for its failure to comply with section 159.13(1). This sanction, if imposed, is likely to determine the outcome of the hearing. The Department cannot make available a document that it does not possess. To subject the Department to such a harsh penalty for failing to produce a document outside of its control will often make the ultimate outcome of the hearing dependent upon the speed of the accused in requesting the document and the speed of the local law enforcement agency in forwarding it. The Department has no control of either part of the process.

Although section 159.13(1) provides that documents in the possession of the Department, but not produced within five days of a request, should be excluded from evidence, it does not state that later-obtained evidence should also be excluded. *See Texas Dep't of Pub. Safety v. Monroe*, 983 S.W.2d 52, 58 (Tex.App.—Houston [14th Dist.] 1998, no pet.). In *Monroe*, an ALJ admitted a document into evidence over

**7.** The amendment was effective January 2, 1998. *See* 22 Tex. Reg. 12748 (1997).

the objection that it had not been provided within five days of its request. The ALJ reasoned that as the Department had submitted it to the accused on the day it *received* the document, it was within the five-day rule. The court of appeals agreed. *Id.* At the time Zhao made her request, the Department did not possess the DIC–24. When it received the DIC–24, it promptly sent the document to Zhao. We find *Monroe* persuasive, and hold that the Department did not violate section 159.13(1) when it forwarded the DIC–24 to the accused more than five days after request, but within five days of the Department's receiving it.[8]

█ We hold that the ALJ's interpretation of section 159.13(1) was reasonable. We further hold that the Department may supplement an original production within the period allowed by section 159.13(1) when it obtains additional documents not in its possession at the time of the original production. We sustain the Department's first issue.

### CONCLUSION

We reverse the judgment of the county court at law and render judgment reinstating the order of the ALJ authorizing the Department to suspend Zhao's driving privileges.[9]

8. We observe that the DIC–24 was provided to Zhao more than a month before the hearing. If there was a dispute concerning when the Department obtained the DIC–24, whether the Department was dilatory in producing it, or whether Zhao had inadequate time to defend against it, Zhao could have raised the issue with the ALJ by prehearing motion.

9. Because our determination of the Department's first issue is dispositive, it is unnecessary to address the Department's second issue on appeal.