COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



TEXAS DEPARTMENT OF PUBLIC
SAFETY,


 Appellant,


v.


JULIE PIERCE,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00065-CV



Appeal from the


County Court at Law No. 3


of El Paso County, Texas


(TC# 2005-C00060)



O P I N I O N


 Appellant, the Texas Department of Public Safety ("DPS" or "the Department"), appeals the
El Paso County Court at Law's reversal of the suspension of the commercial driver's license of
Appellee Julie Pierce. Because the Administrative Law Judge's denial of Pierce's fourth request for
a continuance did not warrant reversal, we will reverse the County Court at Law's judgment and
render judgment reinstating the administrative decision.

FACTUAL AND PROCEDURAL BACKGROUND

 On the evening of March 5, 2005, El Paso Police Officer Hector Flores was dispatched to a
local residence, following a report that there was a "subject down at the wheel." When Officer
Flores arrived on the scene, he observed Pierce in her vehicle, parked halfway on, and halfway off,
the driveway of the residence. When he approached the vehicle, Pierce informed the officer that she
had been drinking. Flores noted that Pierce's speech was slurred, her eyes were glossy, and there
was a strong smell of alcohol on her person. There was also vomit on the driver's door of the
vehicle, as well as on Pierce's clothing. Several witnesses informed the officer that Pierce had not
turned the ignition or the headlights off when she arrived at the residence and had remained in the
vehicle slumped forward in the driver's seat. One witness stated that he turned the engine off and
put the car in park before the officer arrived.

 Officer Flores administered three field sobriety tests: the Horizontal Gaze Nystagmus (HGN)
test, the walk and turn test, and the one-leg stand test. Flores noted a lack of smooth pursuit during
the HGN, that Pierce was not able to step heal to toe during the walk and turn, and that she lost count
during the one-leg stand. Following verbal and written warnings that her license would be
suspended, pursuant to Section 724.035 of the Texas Transportation Code, if she refused to comply,
Pierce refused the officer's request for a breath specimen. Pierce was then placed under arrest for
driving while intoxicated.

 The DPS suspended Pierce's driver's licence for 180 days following her refusal to submit
a breath specimen. Pierce requested an administrative hearing to review the suspension. On May
12, 2005, the Department notified Pierce that her hearing had been scheduled with the State Office
of Administrative Hearings (SOAH) in El Paso for June 15, 2005. On May 2, Pierce filed a request
for the production of any documents or other evidence that was related to the case and that the
Department intended to use at her hearing. In its discovery response, the Department provided
Pierce with a copy of Officer Flores's seven-page offense report, detailing the scene of the arrest on
March 5. Per Pierce's requests, the Administrative Law Judge ("ALJ") granted a total of three
continuances (1) while her attorney underwent and recovered from knee surgery. The final setting was
for October 19, 2005.

 On Monday, October 17, the Department supplemented its response to Pierce's discovery
request. The supplement contained a second copy of Officer Flores's report. The text of his report
was unchanged, but the supplement included one additional page, consisting of the officer's HGN
certification. The Department received the certification from the arresting officer on Sunday,
October 16, and forwarded it to Pierce's attorney the next day. On October 19, at the suspension
hearing, Pierce's attorney requested a fourth continuance, so that he could have additional time to
review the discovery supplement. Pierce filed her request under the Texas Administrative Code,
arguing that DPS failed to produce the document at least seven days prior to the hearing. See 1 Tex.
Admin. Code § 159.13(1) (State Office of Admin. Hearings, License Suspension Proceedings). This
time, the ALJ denied Pierce's request.

 Following the hearing, the ALJ affirmed the suspension for failure to provide a breath
specimen. See Tex. Transp. Code Ann. § 724.035. Pierce appealed the administrative decision
to County Court at Law No. 3. See id. at § 524.041(b). The trial court reversed the administrative
suspension, concluding that "the Administrative Law Judge abused her discretion by not granting
the continuance mandated by law as requested by [Pierce] . . . ." The Department now appeals,
asking this Court to reverse the trial court's decision and reinstate the ALJ's order suspending
Pierce's license.

 In Issue No. One, the DPS challenges the trial court's conclusion that the ALJ abused her
discretion by denying Pierce's fourth request for a continuance. In Issue No. Two, DPS contends
that the trial court erred by reversing the ALJ's ruling, based on a discovery complaint, when no
harm was asserted. In Issue No. Three, DPS contends the trial court erred by considering a document
which was not a part of the administrative record. In Issue No. Four, DPS asserts that the trial
court's decision to reverse the suspension was in error, because there was substantial evidence to
support the ALJ's ruling. For the reasons that follow, we will reverse and render judgment,
affirming the administrative decision to suspend Pierce's license.

DISCUSSION

 Pursuant to Chapter 724 of the Texas Transportation Code, the Department of Public Safety
has the authority to suspend an individual's license to drive following the individual's refusal to
provide a breath specimen in response to a peace officer's request. See Tex. Transp. Code Ann.
§§ 725.001(7), 724.035. Upon receiving notice of the suspension, the individual has fifteen days to
request a hearing before the State Office of Administrative Hearings. See id. at § 724.041. At the
hearing, the ALJ will consider "whether: (1) reasonable suspicion or probable cause existed to stop
or arrest the person; (2) probable cause existed to believe that the person was operating a motor
vehicle in a public place while intoxicated; (3) the person was placed under arrest by the officer and
was requested to submit to the taking of a specimen; and (4) the person refused to submit to the
taking of a specimen on request of the officer." Id. at § 724.042. If the ALJ determines that each
of these issues has been proven, the judge will sustain the suspension. See id. at § 724.043(a). A
person whose driver's license suspension has been sustained has thirty days to appeal the suspension. 
See id. at § 524.041(a). Absent circumstances not relevant in this case, the appeal must be filed in
the County Court at Law in the county where the person was arrested. See id. at § 524.041(b).

 On appeal from the agency decision, the reviewing court "shall reverse or remand the case
for further proceedings if substantial rights of the appellant have been prejudiced because the
administrative findings, inferences, conclusions, or decisions are: (A) in violation of a constitutional
or statutory provision; (B) in excess of the agency's statutory authority; (C) made through unlawful
procedure; (D) affected by other error of law; (E) not reasonably supported by substantial evidence
considering the reliable and probative evidence in the record as a whole; or (F) arbitrary or capricious
or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Tex. Gov't
Code Ann. § 2001.174(2); see Texas Dep't of Pub. Safety v. Vasquez, 225 S.W.3d 47, 52 (Tex.
App.--El Paso 2005, no pet.).

 The county court reversed the agency decision, based on what the court perceived to have
been the ALJ's error in denying Pierce's request for a continuance under 1 Tex. Admin. Code
§ 159.13, which provides the discovery rules for SOAH hearings. DPS argues that this conclusion
was in error.

 Paragraph (1) of Section 159.13 provides, in part, that a defendant "shall be allowed to
review, inspect and obtain copies of any non-privileged documents or records contained in the
department's file or possession." 1 Tex. Admin. Code § 159.13(1). Once filed, the department has
five days to respond to the defendant's request for discovery and has an ongoing duty to supplement
discovery as documents come into its possession. See id. The section also provides that, "[i]f a
document is received by the defendant fewer than seven calendar days prior to the scheduled hearing,
the Judge shall grant a continuance on the request of a party." Id.

 In Pierce's case, the ALJ treated the "shall" in the foregoing sentence as merely directory and,
based on the fact that the case had previously been continued three times, denied Pierce's fourth
request. Under these facts, we do not agree with the County Court at Law's conclusion that the ALJ
abused her discretion by doing so.

 Whether an administrative agency failed to follow its own regulation is a question of law. 
BFI Waste Sys. of N. Am., Inc. v. Martinez Envtl. Group, 93 S.W.3d 570, 575 (Tex. App.--Austin
2002, pet. denied). Administrative rules are construed in the same manner as statutes. Rodriguez
v. Service Lloyds Ins. Co., 997 S.W.2d 248, 254 (Tex. 1999). Our primary goal is to give effect to
the agency's intent in adopting the rule. Id. To determine whether an administrative rule is
mandatory or directory, the reviewing court's primary objective is to determine and give effect to
the agency's intent. Lewis v. Jacksonville Bldg. & Loan Ass'n, 540 S.W.2d 307, 310 (Tex. 1976). 
Although there is no bright-line test, provisions which are primarily for the purpose of promoting
proper, orderly, and prompt conduct of business are not generally regarded as mandatory. See id. 
Also, if the provision directs that a certain act be done at a certain time and does not provide for
consequences should the act not be performed, the provision is usually directory. See id.

 In the case before us, the ALJ, by denying the continuance, interpreted the rule as directory. 
Our review is limited to determining whether the administrative interpretation is "plainly erroneous
or inconsistent with the regulation." Texas Dep't of Pub. Safety v. Zhao, 994 S.W.2d 357, 361 (Tex.
App.--Austin 1999, no pet.) (quoting Public Util. Comm'n v. Gulf States Utils. Co., 809 S.W.2d 201,
207 (Tex. 1991)). Having determined that the ALJ's interpretation is reasonable in the context of
a procedural rule, we will defer to the administrative interpretation. See Gulf States Utils. Co., 809
S.W.2d at 207; Sharp v. International Bus. Machs. Corp., 927 S.W.2d 790, 793 (Tex. App.--Austin
1996, writ denied).

 Generally, the word "shall" is interpreted to indicate a mandatory duty. See Tex. Gov't
Code Ann. § 311.016(2). Rule 159.13, however, was adopted by SOAH to provide a procedure for,
and to define the scope of, prehearing discovery allowed a defendant in a license revocation case. 
Zhao, 994 S.W.2d at 360-61. In other words, the rule was designed to facilitate prompt and orderly
hearings, which weighs against a mandatory interpretation. See Lewis, 540 S.W.2d at 310. In
addition, the rule does not provide a sanction in cases of non-compliance. See 1 Tex. Admin. Code
§ 159.13(1). It is persuasive that SOAH did not see the need to specify a consequence for the denial
of a continuance under this rule or identify a further procedure for the party whose request for a
continuance is refused. See id.; Lewis, 540 S.W.2d at 310. Therefore, the ALJ's interpretation that
the instruction to grant a continuance under Section 159.13(1) is not mandatory was a reasonable
interpretation and not grounds for reversal. See Zhao, 994 S.W.2d at 361 (review limited to
determining whether the administrative interpretation was reasonable).

 In addition, Section 159.13(1) requires that a defendant show that she has been harmed by
the Department's failure to produce discovery in a timely manner. See 1 Tex. Admin. Code
§ 159.13(1). A defendant has a right to request the sanctions provided by the section only after such
a showing has been made. See id. The defendant must show, at the administrative level, that a
proper discovery request was made and that she was harmed by the department's failure to produce. 
See id. Once such a showing is made, the defendant may request that the untimely-produced
evidence be excluded from the record, or she may request that the case be continued. See id.

 The facts before the ALJ at the time of Pierce's request were as follows: The hearing had
theretofore been continued three times at her request; the Department provided the additional
discovery to Pierce as soon as the document came into its possession; the late discovery made only
a minor and non-substantive addition to a single document; Pierce's attorney had forty-eight hours
to review the one-page addition; and the underlying document had been in Pierce's possession for
some time. (2) We also find it persuasive that Pierce has not argued, either in this appeal or in the
proceedings below, that she was harmed by the department's late production or by the ALJ's denial.

 In sum, having considered both the directory nature of the rule, and the facts at the time of
the request, we cannot conclude that the ALJ abused her discretion by denying Pierce's request under
Section 159.13. The County Court at Law erred by so holding. Issue No. One is sustained. (3)

CONCLUSION

 We reverse the judgment of the County Court at Law and render judgment reinstating the
order of the ALJ authorizing the Department to suspend Pierce's driver's license.


 KENNETH R. CARR, Justice


October 11, 2007


Before Chew, C.J., McClure, and Carr, JJ.

1. "A continuance . . . shall stay the suspension of the license until the date a Judge enters the final decision." 
1 Tex. Admin. Code § 159.11(a) (State Office of Admin. Hearings, License Suspension Proceedings).
2. While we have concluded in this case that the ALJ did not abuse her discretion by denying Pierce's request,
we do not foreclose the possibility that the facts of another case would require a different conclusion. In an abuse of
discretion review, however, we must analyze the lower court's decision in the context of the facts before the ALJ at the
time the ruling was made.
3. Because our resolution of Issue No. One is dispositive, it is unnecessary to address the remaining issues raised
by the Department. See Tex. R. App. P. 47.1.