**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Julie PIERCE, Appellee.**

No. 08–06–00065–CV.

Court of Appeals of Texas,
El Paso.

Oct. 11, 2007.

Rene S. Pass, Staff Atty., ALR Appellate Section, Austin, TX, for Appellant.

Robert W. Tinnell, El Paso, for Appellee.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

KENNETH R. CARR, Justice.

Appellant, the Texas Department of Public Safety ("DPS" or "the Department"), appeals the El Paso County Court at Law's reversal of the suspension of the commercial driver's license of Appellee Julie Pierce. Because the Administrative Law Judge's denial of Pierce's fourth request for a continuance did not warrant reversal, we will reverse the County Court at Law's judgment and render judgment reinstating the administrative decision.

## FACTUAL AND PROCEDURAL BACKGROUND

On the evening of March 5, 2005, El Paso Police Officer Hector Flores was dispatched to a local residence, following a report that there was a "subject down at the wheel." When Officer Flores arrived on the scene, he observed Pierce in her vehicle, parked halfway on, and halfway off, the driveway of the residence. When he approached the vehicle, Pierce informed the officer that she had been drinking. Flores noted that Pierce's speech was slurred, her eyes were glossy, and there was a strong smell of alcohol on her person. There was also vomit on the driver's door of the vehicle, as well as on Pierce's clothing. Several witnesses informed the officer that Pierce had not turned the ignition or the headlights off when she arrived at the residence and had remained in the vehicle slumped forward in the driver's seat. One witness stated that he turned the engine off and put the car in park before the officer arrived.

Officer Flores administered three field sobriety tests: the Horizontal Gaze Nystagmus (HGN) test, the walk and turn test, and the one-leg stand test. Flores noted a lack of smooth pursuit during the HGN, that Pierce was not able to step heal to toe during the walk and turn, and that she lost count during the one-leg stand. Following verbal and written warnings that her license would be suspended, pursuant to Section 724.035 of the Texas Transportation Code, if she refused to comply, Pierce refused the officer's request for a breath specimen. Pierce was then placed under arrest for driving while intoxicated.

The DPS suspended Pierce's driver's license for 180 days following her refusal to submit a breath specimen. Pierce requested an administrative hearing to review the suspension. On May 12, 2005, the Department notified Pierce that her hearing had been scheduled with the State Office of Administrative Hearings (SOAH) in El Paso for June 15, 2005. On May 2, Pierce filed a request for the production of any documents or other evidence that was related to the case and that the Department intended to use at her hearing. In

its discovery response, the Department provided Pierce with a copy of Officer Flores's seven-page offense report, detailing the scene of the arrest on March 5. Per Pierce's requests, the Administrative Law Judge ("ALJ") granted a total of three continuances [1] while her attorney underwent and recovered from knee surgery. The final setting was for October 19, 2005.

On Monday, October 17, the Department supplemented its response to Pierce's discovery request. The supplement contained a second copy of Officer Flores's report. The text of his report was unchanged, but the supplement included one additional page, consisting of the officer's HGN certification. The Department received the certification from the arresting officer on Sunday, October 16, and forwarded it to Pierce's attorney the next day. On October 19, at the suspension hearing, Pierce's attorney requested a fourth continuance, so that he could have additional time to review the discovery supplement. Pierce filed her request under the Texas Administrative Code, arguing that DPS failed to produce the document at least seven days prior to the hearing. See 1 Tex. Admin. Code § 159.13(1) (State Office of Admin. Hearings, License Suspension Proceedings). This time, the ALJ denied Pierce's request.

Following the hearing, the ALJ affirmed the suspension for failure to provide a breath specimen. See Tex. Transp. Code Ann. § 724.035. Pierce appealed the administrative decision to County Court at Law No. 3. See id. at § 524.041(b). The trial court reversed the administrative suspension, concluding that "the Administrative Law Judge abused her discretion by not granting the continuance mandated by law as requested by [Pierce]. . . ." The De-

partment now appeals, asking this Court to reverse the trial court's decision and reinstate the ALJ's order suspending Pierce's license.

In Issue No. One, the DPS challenges the trial court's conclusion that the ALJ abused her discretion by denying Pierce's fourth request for a continuance. In Issue No. Two, DPS contends that the trial court erred by reversing the ALJ's ruling, based on a discovery complaint, when no harm was asserted. In Issue No. Three, DPS contends the trial court erred by considering a document which was not a part of the administrative record. In Issue No. Four, DPS asserts that the trial court's decision to reverse the suspension was in error, because there was substantial evidence to support the ALJ's ruling. For the reasons that follow, we will reverse and render judgment, affirming the administrative decision to suspend Pierce's license.

## DISCUSSION

Pursuant to Chapter 724 of the Texas Transportation Code, the Department of Public Safety has the authority to suspend an individual's license to drive following the individual's refusal to provide a breath specimen in response to a peace officer's request. See Tex. Transp. Code Ann. §§ 725.001(7), 724.035. Upon receiving notice of the suspension, the individual has fifteen days to request a hearing before the State Office of Administrative Hearings. See id. at § 724.041. At the hearing, the ALJ will consider "whether: (1) reasonable suspicion or probable cause existed to stop or arrest the person; (2) probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated; (3) the person was

---

1. "A continuance . . . shall stay the suspension of the license until the date a Judge enters the final decision." 1 Tex. Admin. Code § 159.11(a) (State Office of Admin. Hearings, License Suspension Proceedings).

placed under arrest by the officer and was requested to submit to the taking of a specimen; and (4) the person refused to submit to the taking of a specimen on request of the officer." *Id.* at § 724.042. If the ALJ determines that each of these issues has been proven, the judge will sustain the suspension. *See id.* at § 724.043(a). A person whose driver's license suspension has been sustained has thirty days to appeal the suspension. *See id.* at § 524.041(a). Absent circumstances not relevant in this case, the appeal must be filed in the County Court at Law in the county where the person was arrested. *See id.* at § 524.041(b).

On appeal from the agency decision, the reviewing court "shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (A) in violation of a constitutional or statutory provision; (B) in excess of the agency's statutory authority; (C) made through unlawful procedure; (D) affected by other error of law; (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Tex. Gov't Code Ann. § 2001.174(2); *see Texas Dep't of Pub. Safety v. Vasquez*, 225 S.W.3d 47, 52 (Tex. App.-El Paso 2005, no pet.).

■ The county court reversed the agency decision, based on what the court perceived to have been the ALJ's error in denying Pierce's request for a continuance under 1 Tex. Admin. Code § 159.13, which provides the discovery rules for SOAH hearings. DPS argues that this conclusion was in error.

■ Paragraph (1) of Section 159.13 provides, in part, that a defendant "shall be allowed to review, inspect and obtain copies of any non-privileged documents or records contained in the department's file or possession." 1 Tex. Admin. Code § 159.13(1). Once filed, the department has five days to respond to the defendant's request for discovery and has an ongoing duty to supplement discovery as documents come into its possession. *See id.* The section also provides that, "[i]f a document is received by the defendant fewer than seven calendar days prior to the scheduled hearing, the Judge shall grant a continuance on the request of a party." *Id.*

In Pierce's case, the ALJ treated the "shall" in the foregoing sentence as merely directory and, based on the fact that the case had previously been continued three times, denied Pierce's fourth request. Under these facts, we do not agree with the County Court at Law's conclusion that the ALJ abused her discretion by doing so.

■ Whether an administrative agency failed to follow its own regulation is a question of law. *BFI Waste Sys. of N. Am., Inc. v. Martinez Envtl. Group*, 93 S.W.3d 570, 575 (Tex.App.-Austin 2002, pet. denied). Administrative rules are construed in the same manner as statutes. *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex.1999). Our primary goal is to give effect to the agency's intent in adopting the rule. *Id.* To determine whether an administrative rule is mandatory or directory, the reviewing court's primary objective is to determine and give effect to the agency's intent. *Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex.1976). Although there is no bright-line test, provisions which are primarily for the purpose of promoting proper, orderly, and prompt conduct of business are not generally regarded as mandatory. *See id.* Also, if the

provision directs that a certain act be done at a certain time and does not provide for consequences should the act not be performed, the provision is usually directory. *See id.*

In the case before us, the ALJ, by denying the continuance, interpreted the rule as directory. Our review is limited to determining whether the administrative interpretation is "plainly erroneous or inconsistent with the regulation." *Texas Dep't of Pub. Safety v. Zhao*, 994 S.W.2d 357, 361 (Tex.App.-Austin 1999, no pet.) (quoting *Public Util. Comm'n v. Gulf States Utils. Co.*, 809 S.W.2d 201, 207 (Tex.1991)). Having determined that the ALJ's interpretation is reasonable in the context of a procedural rule, we will defer to the administrative interpretation. *See Gulf States Utils. Co.*, 809 S.W.2d at 207; *Sharp v. International Bus. Machs. Corp.*, 927 S.W.2d 790, 793 (Tex.App.-Austin 1996, writ denied).

Generally, the word "shall" is interpreted to indicate a mandatory duty. *See* Tex. Gov't Code Ann. § 311.016(2). Rule 159.13, however, was adopted by SOAH to provide a procedure for, and to define the scope of, prehearing discovery allowed a defendant in a license revocation case. *Zhao*, 994 S.W.2d at 360–61. In other words, the rule was designed to facilitate prompt and orderly hearings, which weighs against a mandatory interpretation. *See Lewis*, 540 S.W.2d at 310. In addition, the rule does not provide a sanction in cases of non-compliance. *See* 1 Tex. Admin. Code § 159.13(1). It is persuasive that SOAH did not see the need to specify a consequence for the denial of a continuance under this rule or identify a further

procedure for the party whose request for a continuance is refused. *See id.; Lewis*, 540 S.W.2d at 310. Therefore, the ALJ's interpretation that the instruction to grant a continuance under Section 159.13(1) is not mandatory was a reasonable interpretation and not grounds for reversal. *See Zhao*, 994 S.W.2d at 361 (review limited to determining whether the administrative interpretation was reasonable).

In addition, Section 159.13(1) requires that a defendant show that she has been harmed by the Department's failure to produce discovery in a timely manner. *See* 1 Tex. Admin. Code § 159.13(1). A defendant has a right to request the sanctions provided by the section only after such a showing has been made. *See id.* The defendant must show, at the administrative level, that a proper discovery request was made and that she was harmed by the department's failure to produce. *See id.* Once such a showing is made, the defendant may request that the untimely-produced evidence be excluded from the record, or she may request that the case be continued. *See id.*

The facts before the ALJ at the time of Pierce's request were as follows: The hearing had theretofore been continued three times at her request; the Department provided the additional discovery to Pierce as soon as the document came into its possession; the late discovery made only a minor and non-substantive addition to a single document; Pierce's attorney had forty-eight hours to review the one-page addition; and the underlying document had been in Pierce's possession for some time.[2] We also find it persuasive that Pierce has not argued, either in this

---

**2.** While we have concluded in this case that the ALJ did not abuse her discretion by denying Pierce's request, we do not foreclose the possibility that the facts of another case would require a different conclusion. In an

abuse of discretion review, however, we must analyze the lower court's decision in the context of the facts before the ALJ at the time the ruling was made.

appeal or in the proceedings below, that she was harmed by the department's late production or by the ALJ's denial.

In sum, having considered both the directory nature of the rule, and the facts at the time of the request, we cannot conclude that the ALJ abused her discretion by denying Pierce's request under Section 159.13. The County Court at Law erred by so holding. Issue No. One is sustained.[3]

## CONCLUSION

We reverse the judgment of the County Court at Law and render judgment reinstating the order of the ALJ authorizing the Department to suspend Pierce's driver's license.

---

3. Because our resolution of Issue No. One is dispositive, it is unnecessary to address the remaining issues raised by the Department. *See* Tex.R.App. P. 47.1.