**Opinion issued July 23, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00439-CV

————————————

**SHASHIKANT C. PATEL, Appellant**

**V.**

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1006593**

---

## O P I N I O N

In his suit for judicial review,[1] appellant, Shashikant Patel, challenges the

order of the county court at law affirming an administrative law judge's ("ALJ")

---

[1]  *See* TEX. TRANSP. CODE ANN. § 524.031 (Vernon 2007).

order granting the petition of the Texas Department of Public Safety ("DPS") to suspend his driver's license for ninety days.[2]  In two issues, Patel contends that the ALJ authorized suspension of his driving privileges without evidence of a valid alcohol test record and failed to grant his request for a continuance.

We affirm.

## Background

Houston Police Department ("HPD") Officer C. Guiran-Garzon stopped and arrested Patel for suspicion of driving while intoxicated.  DPS later filed a petition to suspend Patel's driver's license, and Patel filed a request for a hearing to be held before an ALJ.  At the hearing, DPS offered into evidence Guiran-Garzon's sworn report in which he indicated that HPD Officer Tomeo saw Patel fail to signal while changing lanes on three separate occasions.  When he stopped Patel, Tomeo noticed that Patel exhibited "slurred speech" and "red eyes."  Patel also exhibited six signs of intoxication during a horizontal gaze nystagmus test ("HGN" test).  DPS also offered into evidence a notice of suspension of Patel's driver's license, indicating that Patel had "provided a Specimen of blood or breath and an analysis of the Specimen showed an alcohol concentration of .08 or greater, following an arrest for an offense involving the operation of a motor vehicle."

---

[2]    *See id.* § 542.022 (Vernon Supp. 2012); *id.* § 542.041 (Vernon 2007).

2

Finally, DPS offered into evidence a "Breath Test Technical Supervisor Affidavit DIC-56." In the affidavit, Lee Anne Spino, custodian of records for the Texas Breath Alcohol Testing Program, testified that on September 22, 2011, a breath test was administered to Patel by "J. Gomez." Spino noted that "[a]nalytical results of the aforesaid test disclosed alcohol concentrations of 0.167 and 0.173, both of which were valid analytical results." Patel objected to the admission of Spino's affidavit, arguing that because there was "no actual breath test slip attached to the documentation," a "breath test slip is a testimonial document," and "anything on that breath test slip would be just testimonial." DPS asserted that, although a breath test slip alone is not admissible evidence, a sworn affidavit with testimony about its results is admissible evidence. The ALJ ruled that "even though there's no breath test slip," the affidavit contained "all the information" needed; thus, it admitted the affidavit into evidence "subject to [Patel's] argument as to weight and sufficiency." Patel then asked for a continuance so that he could "properly subpoena the officers involved or look at the documents and make a determination on new strategy." After DPS asserted that a continuance would be improper and untimely, the ALJ denied Patel's request.

The ALJ then found that Officer Guiran-Garzon had reasonable suspicion to stop Patel and probable cause that Patel was operating a motor vehicle in a public place while intoxicated. The ALJ further found that Patel was "operating a motor

3

vehicle in a public place with an alcohol concentration of 0.08 grams or greater of alcohol per 100 milliliters of blood as determined by [his] submission to a blood/breath test as requested." The ALJ then concluded that Patel's license was subject to suspension, and it ordered that DPS be authorized to suspend Patel's driving privileges for ninety days.

Patel filed an "Appeal Petition and Stay of Suspension" in the county court at law, arguing that the ALJ had erred in considering Spino's affidavit as evidence of the breath test. After a hearing, the court found that the ALJ's decision was reasonably supported by substantial evidence, affirmed the ALJ's decision, and ordered that the suspension of Patel's license continue. Patel then filed a new-trial motion, arguing that DPS "did not establish that [his] breath test was valid, as required by Statute," and, after a hearing, the trial court denied his motion.

### Sufficiency of the Evidence

In his first issue, Patel argues that the county court at law erred in affirming the ALJ's decision because DPS presented no evidence of a valid breath alcohol test record and, thus, the ALJ's decision was not reasonably supported by substantial evidence.

A person whose driver's license is suspended following an administrative hearing is entitled to judicial review of the decision. *See* TEX. TRANSP. CODE ANN. § 524.041 (Vernon 2007). Judicial review is governed by the substantial evidence

4

rule. *See Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (per curiam) (quoting *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999)); *Tex. Dep't of Pub. Safety v. Guajardo*, 970 S.W.2d 602, 604 (Tex. App.—Houston [14th Dist.] 1998, no writ). When reviewing an administrative decision under the substantial evidence rule, the reviewing court "may affirm the agency decision in whole or in part." TEX. GOV'T CODE ANN. § 2001.174(1) (Vernon 2008). It must reverse or remand the case if the challenger's substantial rights have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of a constitutional or statutory provision, (2) in excess of the agency's statutory authority, (3) made through an unlawful procedure, (4) affected by other error of law, (5) not reasonably supported by substantial evidence when considering the reliable and probative evidence in the record as a whole, or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. *See id.*; *see also Guajardo*, 970 S.W.2d at 604–05.

Whether substantial evidence supports an administrative order is a question of law. *Alford*, 209 S.W.3d at 103. The dispositive issue for the reviewing court is not whether the ALJ's order was correct, but "whether the record demonstrates some reasonable basis for the agency's action." *Mireles*, 9 S.W.3d at 131. We must presume that the agency's decision is supported by substantial evidence. *Tex.*

5

*Dep't of Pub. Safety v. Walter*, 979 S.W.2d 22, 27 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Furthermore, the reviewing court must affirm the ALJ's decision if more than a scintilla of evidence supports it and may affirm "even if the evidence preponderates against it." *Mireles*, 9 S.W.3d at 131. We may not substitute our judgment for the ALJ's judgment "on the weight of the evidence on questions committed to agency discretion." TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2008).

DPS must suspend the driving privileges of anyone the department determines had an alcohol concentration level of .08 grams or greater while operating a motor vehicle in a public place. TEX. TRANSP. CODE ANN. § 524.012(b)(1) (Vernon Supp. 2012); *see also* TEX. PENAL CODE ANN. § 49.01(2)(B) (Vernon 2011) (defining "intoxicated" as having alcohol concentration of 0.08 or more). In order to prevail at a license-suspension hearing, DPS is required to prove by a preponderance of the evidence that (1) the operator had an alcohol concentration of a level of .08 or greater, while operating a motor vehicle in a public place, and (2) there existed "reasonable suspicion to stop or probable cause to arrest" the operator. *See* TEX. TRANSP. CODE ANN. § 524.035(a)(1)(A), (2) (Vernon Supp. 2012).

Patel argues that DPS did not establish to the ALJ that his breath alcohol test was valid under the Texas Administrative Code and, thus, there is no evidence that

6

he was operating a motor vehicle with an alcohol concentration level of .08 or greater. The Texas Administrative Code provides,

> (b)     For purposes of an ALR suspension or disqualification based on a breath test failure, a valid breath alcohol test record is required. To be considered valid, the breath test record must meet the following criteria:
>
> > (1)     There must be no "invalid" message.
> >
> > (2)     Results must be clearly printed.
> >
> > (3)     All air blanks must be 0.000.
> >
> > (4)     The test record must bear the signature of the breath test operator.

37 TEX. ADMIN. CODE § 17.5(b) (2012) (Tex. Dep't of Pub. Safety, Intake). The Code further provides that "[n]o additional report, memo, record, or maintenance record is required to validate the breath alcohol test." *Id.* § 17.5(c). Patel asserts that "the record is devoid of any evidence that a valid breath alcohol test record" as provided by section 17.5(b) "actually existed."

Reading section 17.5(b) in context with the rest of the subchapter, we note that the previous section, entitled "ALR Reports," lists the documents that a peace officer is required to submit to DPS after a motor vehicle operator has failed a breath or blood alcohol test. *Id.* § 17.4(2) (2012) (Tex. Dep't of Pub. Safety, ALR Reports). Among the documents to be included in the report is "a copy of the analysis of the specimen, such as a photocopy of the breath test result." *Id.* §

7

17.4(2)(E). Although the section requires the peace officer to submit certain documents to DPS, it is not "intended to imply that any specific documents are necessary to be in evidence in a contested hearing for the department to meet its burden." *Id.* § 17.4(4).

The next section, entitled, "Intake," provides that DPS "may reject an ALR report and decline to prosecute any ALR suspension." *Id.* § 17.5(a). It then requires a valid breath alcohol test record and lists the four criteria cited by Patel for a valid breath alcohol test. *Id.* § 17.5(b). And a later section, entitled, "Hearings," provides that all administrative hearings are governed in accordance with the Texas Transportation Code and Title 1, Chapter 159 of the Texas Administrative Code. *Id.* §17.9 (2012) (Tex. Dep't of Pub. Safety, Hearings).

Thus, it is apparent that the four requirements listed in section 17.5(b) are for DPS's internal use when it is making an initial determination as to whether to proceed with a license revocation. There is no indication that the legislature intended the requirements of section 17.5(b) be met at the administrative hearing. *Cf. Tex. Dep't of Pub. Safety v. Cortinas*, 996 S.W.2d 885, 890 (Tex. App.— Houston [14th Dist.] 1998, no pet.) (holding that DPS was not required to prove officer's compliance with administrative or statutory provisions directing him to provide defendant copy of criminal complaint).

Rather, the Texas Transportation Code requires only that DPS establish at the administrative hearing, by a preponderance of the evidence, that (1) the operator had an alcohol concentration level of .08 or greater, while operating a motor vehicle in a public place, and (2) there existed "reasonable suspicion to stop or probable cause to arrest" the operator. *See* TEX. TRANSP. CODE ANN. § 524.035(a)(1)(A), (a)(2). And the Texas Transportation Code specifically provides that:

> (a) The reliability of an instrument used to take or analyze a specimen of a person's breath to determine alcohol concentration and the validity of the results of the analysis may be attested to in a proceeding under this subchapter *by affidavit from the certified breath test technical supervisor responsible for maintaining and directing the operation of breath test instruments in compliance with department rule.*
>
> (b) An affidavit submitted under Subsection (a) must contain statements on:
>
> > (1) the reliability of the instrument and the analytical results; and
> >
> > (2) compliance with state law in the administration of the program.

TEX. TRANSP. CODE ANN. § 524.038 (Vernon 2007) (emphasis added).

At the administrative hearing, the ALJ admitted into evidence Spino's affidavit, wherein she testified:

> I am the custodian of the records and the Certified Technical Supervisor for Area 003, Texas Breath Alcohol Testing Program. . . .

9

> On or about 0255 CDT on 9/22/11 a breath test was administered to a subject by the name of SHASHIKANT C. PATEL . . . .
>
> The test was conducted by a certified breath test operator who is trained in the required methodology for breath testing, namely J. GOMEZ, Certificate No. 22229.
>
> The records show that the test was administered in compliance with the laws of the State of Texas and Regulations of the Breath Alcohol Testing Program. Further, the records show that the aforesaid instrument was reliable and in proper working condition at the time of the test. *The test is, therefore, a valid test according to the aforesaid Regulations*.
>
> Analytical results of the aforesaid test disclosed alcohol concentrations of 0.167 and 0.173, both of which were valid analytical results.

(Emphasis added). The affidavit contained Spino's statements concerning the reliability of the testing instrument and compliance with state law; thus, it was admissible as evidence of the validity of the blood alcohol test. *Id.* And the ALJ also admitted into evidence Officer Guiran-Garzon's sworn report, in which he noted that Patel had provided a breath alcohol specimen with results of blood alcohol concentration at 0.16 and 0.17.

Thus, DPS presented more than a scintilla of evidence that Patel operated a motor vehicle with a blood alcohol concentration of over 0.08. *See Mireles*, 9 S.W.3d at 131. Accordingly, we hold that the county court at law did not err in affirming the ALJ's order authorizing suspension of Patel's driver's license on the

10

ground that DPS presented no evidence that Patel's blood alcohol concentration was greater than .08.

We overrule Patel's first issue.

## Denial of Continuance

In his second issue, Patel argues that the county court at law erred in affirming the ALJ's decision because he was entitled to a continuance of the ALJ hearing after receiving Spino's affidavit only two days before the hearing. He argues that his substantial rights were prejudiced as a result of the ALJ's denial of his motion because he could have subpoenaed the involved officers to question them about his breath alcohol test.

A defendant in a license-suspension hearing "shall be allowed to review, inspect and obtain copies of any non-privileged documents or records in DPS's ALR file or in possession of DPS's ALR Division." 1 TEX. ADMIN. CODE § 159.151(1) (2013) (State Office of Admin. Hearings, Prehearing Discovery). "If a document is received by the defendant fewer than ten calendar days prior to the scheduled hearing, the judge shall grant a continuance on the request of a party." *Id.*

Whether an administrative agency failed to follow its own regulation is a question of law. *BFI Waste Sys. of N. Am., Inc. v. Martinez Envtl. Grp.*, 93 S.W.3d 570, 575 (Tex. App.—Austin 2002, pet. denied). Administrative rules are

construed in the same manner as statutes. *Rodriguez v. Serv. Lloyds Ins. Co.,* 997 S.W.2d 248, 254 (Tex. 1999). To determine whether an administrative rule is mandatory or directory, the reviewing court's primary objective is to determine and give effect to the agency's intent. *Lewis v. Jacksonville Bldg. & Loan Ass'n,* 540 S.W.2d 307, 310 (Tex. 1976). Although there is no bright-line test, provisions which are primarily for the purpose of promoting proper, orderly, and prompt conduct of business are not generally regarded as mandatory. *See id.* Also, if the provision directs that a certain act be done at a certain time and does not provide for consequences should the act not be performed, the provision is usually directory. *See id.*

Here, the administrative hearing was held on December 1, 2011. At the hearing, Patel asserted that DPS did not provide him with Spino's affidavit until November 29, 2011, two days before the hearing, and he requested that the ALJ grant him a continuance. DPS argued that the request was "improper and untimely" because Patel had already announced that he was ready to proceed and had "made a decision not to subpoena anyone."

In *Texas Department of Public Safety v. Pierce*, the defendant argued that the ALJ abused its discretion in denying his fourth request for a continuance when DPS provided him a second copy of the offense report only two days before the suspension hearing. 238 S.W.3d 832, 834 (Tex. App.—El Paso 2007, no pet.).

Under a predecessor version to the current rule, the Texas Administrative Code provided that an ALJ "shall" grant a request for continuance if a document was received by the defendant fewer than seven calendar days prior to the scheduled hearing. *Id.* at 835. The El Paso Court of Appeals concluded that the provision was directory, rather than mandatory, because it was designed to facilitate prompt and orderly hearings, it did not provide a sanction in cases of non-compliance, it did not specify a consequences for a denial of a continuance, and it did not identify a further procedure for the party whose request for a continuance is refused. *Id.* at 836.

Furthermore, we note that the code later provides that the "granting of continuances shall be in the sound discretion of the judge, provided however, that the judge shall expedite the hearings whenever possible." 1 TEX. ADMIN CODE § 159.207(c) (2012) (State Office of Admin. Hearings, Continuances). "A party requesting a continuance shall supply three dates on which the parties will be available for rescheduling of the hearing." *Id.* "Failure to include a certificate of service, a certificate of conference, and three alternative dates may result in denial of the continuance request. . . ." *Id.*

Though Patel, citing section 159.191, which is listed under the heading "Prehearing Discovery," asserts that he was entitled to a continuance, he did not request a continuance until after the hearing had already commenced. And he did

13

not supply the ALJ with three alternative dates for a rescheduling of the hearing, as required by section 159.207. Accordingly, we hold that the county court at law did not err in affirming the ALJ's order authorizing suspension of Patel's driver's license on the ground that the ALJ abused its discretion in denying Patel's motion for continuance.

We overrule Patel's second issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Brown, and Huddle.