**Opinion issued August 4, 2015**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-14-00585-CV

_____

**JAMIE ANN CURRY, Appellant**

**V.**

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1044653**

---

## O P I N I O N

In her suit for judicial review,[1] appellant, Jamie Ann Curry, challenges the

judgment of the trial court affirming an administrative law judge's ("ALJ") order

granting the petition of the appellee, Texas Department of Public Safety ("DPS"),

---

[1]    *See* TEX. TRANSP. CODE ANN. § 524.031 (Vernon 2007).

to suspend her driver's license for 180 days.[2] Curry argues that (1) the ALJ abused its discretion by entertaining and granting an oral motion to quash the witness subpoena for the arresting officer on the day of the hearing; (2) the ALJ abused its discretion by failing to dismiss the case against her when the arresting officer failed to appear at the hearing; (3) the trial court abused its discretion by failing to reverse the suspension of Curry's license and remand the case to the ALJ for further proceedings to determine whether the arresting officer had been properly served in advance of the administrative hearing; and (4) the ALJ abused its discretion in erroneously quashing the subpoena issued to the arresting officer because the ALJ "was fully informed of the lawful means of service and [it] recognized that the return of service was compliant with State Office of Administrative Hearings ("SOAH") rules."

We affirm.

## Background

Curry was involved in a one-vehicle accident in which she struck a curb, causing two flat tires, and collided with a light pole. Harris County Deputy Sheriff J. Mayorga responded to the accident and found Curry buckled into the driver's seat and noted that the only other passenger was a small child. Curry was unable to perform field sobriety tests and refused to provide a blood or breath specimen.

---

[2] *See id.* § 724.035 (Vernon 2008); *id.* § 724.042 (Vernon 2008).

Deputy Mayorga arrested Curry for driving while intoxicated with a child passenger and obtained a search warrant for a blood specimen. Testing of her blood specimen indicated that she had a blood alcohol concentration of 0.29mg/100mL.

DPS later filed a petition to suspend Curry's driver's license based on her refusal to provide a breath or blood specimen, and she filed a request for a hearing to be held before an ALJ. Prior to the hearing, Curry subpoenaed Deputy Mayorga to testify at the hearing. The return of service indicated that the process server "executed this subpoena by delivering a copy to Patrol Group, Sheriff's Office in person" at 1200 Baker Street, Houston, Texas. Service was accepted by an employee of the Patrol Group.

At the hearing before the ALJ, DPS offered Deputy Mayorga's sworn report, the offense report, copies of the statutory warning forms provided to Curry, Mayorga's affidavit provided in support of the search warrant for obtaining a blood specimen, and the results of her blood alcohol level test. Curry objected to the admission of this evidence on the basis that Deputy Mayorga "was properly served" but did not appear at the hearing. DPS then objected to the subpoena of Deputy Mayorga and moved to quash based on improper service, arguing that the return of service was not signed by Mayorga, and, thus, Curry failed to show that the subpoena was properly served in person to the witness. Curry asked to contact

her process server to discuss the service of the subpoena, which the ALJ allowed. She then argued that the subpoena was served in compliance with the Harris County Sheriff's Office's protocol for receiving these types of subpoenas and that the return of service was made using the form required by SOAH's procedural rules. In response, DPS argued that the service of the subpoena to Deputy Mayorga was improper because the return of service did not indicate that service was accomplished by alternative means—it stated that service was done "in person," but Deputy Mayorga was not the person who signed the acknowledgment of receipt of the subpoena.

The ALJ found that "[t]here was insufficient evidence that the subpoena was served pursuant to SOAH Rule 159.103(f)(1)"[3] and, accordingly, gave "full weight" to Deputy Mayorga's report. It further found the evidence sufficient to uphold the suspension of Curry's driver's license.

Curry sought judicial review in the trial court. The clerk's record for this case contains a complete copy of the administrative record. However, Curry failed to file a reporter's record indicating the nature of the evidence presented to or

---

[3] *See* 1 TEX. ADMIN. CODE § 159.103(f)(1) (Vernon 2013) ("The party who issues or is granted a subpoena shall be responsible for having the subpoena served in accordance with Texas Rule of Civil Procedure 176.5, or by accepted alternative methods established by a peace officer's law enforcement agency."); *see also* TEX. R. CIV. P. 176.5(b) ("Proof of service must be made by filing either: (1) the witness's signed written memorandum attached to the subpoena showing that the witness accepted the subpoena; or (2) a statement by the person who made the service stating the date, time, and manner of service, and the name of the person served.").

4

considered by the trial court. The trial court affirmed the suspension of Curry's driver's license.

## Standard and Scope of Review

A person whose driver's license is suspended following an administrative hearing is entitled to judicial review of the decision. TEX. TRANSP. CODE ANN. § 524.041(a) (Vernon 2013); *Patel v. Tex. Dep't of Pub. Safety*, 409 S.W.3d 765, 767 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Judicial review of such decisions is governed by the substantial evidence rule. *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (per curiam); *Patel*, 409 S.W.3d at 767–68. Under this standard, reviewing courts must determine whether the agency's findings were supported by substantial evidence or whether the order was invalid for some other reason. *See* TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2008) (setting out specific grounds for reversal of administrative order); *Patel*, 409 S.W.3d at 768. Whether substantial evidence supports an administrative order is a question of law. *Alford*, 209 S.W.3d at 103; *Patel*, 409 S.W.3d at 768. "The dispositive issue for the reviewing court is not whether the ALJ's order was correct, but 'whether the record demonstrates some reasonable basis for the agency's action.'" *Patel*, 409 S.W.3d at 768 (quoting *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999)).

We must presume that the agency's decision is supported by substantial evidence, and we must affirm the ALJ's decision if more than a scintilla of evidence supports it. *Id.*; *see also Mireles*, 9 S.W.3d at 131 (reviewing court may affirm "even if the evidence preponderates against" administrative order so long as there is more than scintilla of evidence to support order). "We may not substitute our judgment for the ALJ's judgment 'on the weight of the evidence on questions committed to agency discretion.'" *Patel*, 409 S.W.3d at 768 (quoting TEX. GOV'T CODE ANN. § 2001.174).

### Curry's Failure to Provide a Reporter's Record

In its appellate brief, DPS argues that we must affirm the trial court's ruling, which affirmed the administrative decision, because Curry failed to arrange for the filing of a reporter's record and there is no evidence that Curry offered the administrative record into evidence at the hearing before the trial court.

### A.    Necessity of Reporter's Record

Generally, the appellant bears the burden to present a sufficient record to show error requiring reversal. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)). The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. TEX. R. APP. P. 34.1. When there is no reporter's record, we indulge every presumption in favor of the

trial court's findings. *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *see also Willms v. Ams. Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) ("[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order."). Furthermore, without a complete record brought forward by the appellant, the court will conclude that the appellant has waived the points of error dependent on the state of the evidence. *Favaloro v. Comm'n for Lawyer Discipline*, 994 S.W.2d 815, 820 (Tex. App.—Dallas 1999, pet. struck).

Despite receiving notice from this court, Curry—who is not entitled to proceed without payment of costs—failed to pay for the reporter's record and it was never filed. *See* TEX. R. APP. P. 37.3(c). In her third issue, Curry argues that the trial court abused its discretion by failing to reverse the suspension of Curry's license and remand the case to the ALJ for further proceedings to determine whether the arresting officer had been properly served in advance of the administrative hearing. However, Curry has provided no record demonstrating that she actually presented this argument to the trial court, nor has she presented a record demonstrating that she identified for the trial court the evidence she believed should have been considered. *See Nicholson*, 226 S.W.3d at 583 (holding that appellant bears burden to present sufficient record to show error requiring

7

reversal). Accordingly, we presume that Curry waived this point of error, and we indulge every presumption in favor of the trial court's findings. *See Bryant*, 972 S.W.2d at 31; *Favaloro*, 994 S.W.2d at 820.

We overrule Curry's third issue.

However, even in light of Curry's failure to file the reporter's record, we may consider and decide those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c). Thus, we now turn to DPS's argument that we may not consider the remainder of Curry's issues challenging the ruling of ALJ because she has not filed a record establishing that she offered the administrative record into evidence in the trial court proceeding.

## B.    Admission of Administrative Record

The Administrative Procedure Act ("APA"), which governs here, provides that a party seeking judicial review of an agency's decision "shall offer, and the reviewing court shall admit, the state agency record into evidence as an exhibit." TEX. GOV'T CODE ANN. § 2001.175(d) (Vernon 2008). This provision is mandatory. *See Nueces Canyon Consol. Indep. Sch. Dist. v. Cent. Educ. Agency*, 917 S.W.2d 773, 776 (Tex. 1996) ("[A]n administrative record must be offered into evidence at the trial court in an appeal for judicial review brought under the [APA]."); *Tex. Dep't of Pub. Safety v. Monroe*, 983 S.W.2d 52, 55 (Tex. App.—

Houston [14th Dist.] 1998, no pet.) (citing *Tex. Dep't of Pub. Safety v. Lavender*, 935 S.W.2d 925, 929 (Tex. App.—Waco 1996, writ denied)).

The APA further provides that "[a] court shall conduct the review sitting without a jury and is confined to the agency record, except that the court may receive evidence of procedural irregularities alleged to have occurred before the agency that are not reflected in the record." TEX. GOV'T CODE ANN. § 2001.175(e); *Nueces Canyon*, 917 S.W.2d at 776. Regarding appeals from the trial court's judgment, the APA provides that they are taken "in the manner provided for civil actions generally"; however, "the appellate courts habitually review the agency order itself, not the trial court's judgment." TEX. GOV'T CODE ANN. § 2001.901 (Vernon 2008); *Lavender*, 935 S.W.2d at 929 n.13; *see also, e.g.*, *Patel*, 409 S.W.3d at 767–68 (analyzing sufficiency of evidence supporting ALJ's determination).

An appellant may bring an administrative record in an appeal governed by the APA to an appellate court as part of either the reporter's record or clerk's record "so long as a court reporter's certificate or other evidence demonstrates the trial court admitted the record." *Nueces Canyon*, 917 S.W.2d at 776; *Monroe*, 983 S.W.2d at 55. "Other evidence" demonstrating that the trial court admitted the record includes a reporter's record that indicated that the administrative record was effectively admitted even if it was not actually admitted or a recitation in the trial

9

court's judgment indicating that it reviewed the administrative record. *See Monroe*, 983 S.W.2d at 55; *Tex. Dep't of Pub. Safety v. Stacy*, 954 S.W.2d 80, 83 (Tex. App.—San Antonio 1997, no writ); *Tex. Dep't of Pub. Safety v. Latimer*, 939 S.W.2d 240, 243–44 (Tex. App.—Austin 1997, no writ).

Texas courts have also held that in some circumstances a reporter's record from the trial court is unnecessary, such as when there was no indication that the trial court received or considered additional evidence independent of the information contained in the agency record. *Tex. Dep't of Pub. Safety v. Raffaelli*, 905 S.W.2d 773, 776 (Tex. App.—Texarkana 1995, no writ). The court in *Raffaelli* observed that the "trial court's review is confined to the agency record which, by law, the party seeking review must submit, and the trial court must admit, into evidence." *Id.* (citing TEX. GOV'T CODE ANN. § 2001.175(d)–(e)); *see also* TEX. GOV'T CODE ANN. § 2001.175(b) (requiring agency to send reviewing court entire record of proceeding under review, to be filed with clerk of court).

DPS relies on *Lavender* to contend that we must affirm the trial court's ruling here solely based on Curry's failure to establish that the trial court admitted the administrative record into evidence. In *Lavender*, DPS argued that the trial court committed an error of law by reversing the administrative order without the record from that hearing being admitted into evidence. 935 S.W.2d at 929. The court noted that an agency order is presumed to be legal and valid and that "[t]he

10

burden is on the contestant to demonstrate that the order is erroneous." *Id.* It held, "Without the record from the agency hearing, we are unable to find that the administrative order is not supported by substantial evidence or that it is infected with some other error of law." *Id.* The *Lavender* court concluded that "we must have the record before us for examination" and that "[a]bsent evidence that the court admitted the record into evidence, we have nothing to review and the presumption of validity prevails." *Id.* at 930. The court thus reversed the trial court's judgment, which reversed the agency's suspension of Lavender's license, on the basis that "Lavender failed to place the agency record in evidence before the trial court," and it rendered judgment upholding the administrative suspension of Lavender's driver's license. *Id.*

Here, by contrast with *Lavender*, we do have the agency record before us as part of the clerk's record, as it was transmitted to the trial court clerk by the agency pursuant to the provisions of the APA. *See* TEX. GOV'T CODE ANN. § 2001.175(b). Furthermore, the trial court here affirmed the ALJ's suspension of Curry's license, unlike the trial court in *Lavender*, which reversed the ALJ's suspension. Thus, the reporter's record was not necessary to demonstrate the sufficiency of evidence to overcome the presumption that the agency's order was valid. *See Lavender*, 935 S.W.2d at 929.

We conclude that this case is more similar to *Raffaelli*. Although the record on appeal does not contain any statement or certification establishing that the administrative record was admitted into evidence during the hearing before the trial court, the provisions of the APA limited the scope of the trial court's review to the agency record. *See* TEX. GOV'T CODE ANN. § 2001.175(e). By law, the party seeking review must submit this record to the trial court, and the trial court must admit it into evidence. *See id.* § 2001.175(d); *Raffaelli*, 905 S.W.2d at 776. There is no indication that the trial court received or considered additional evidence independent of the information contained in the agency record, and, without evidence to the contrary, we must presume that the trial court fulfilled its statutory duties to admit and consider the administrative record in ruling on Curry's petition for judicial review. *See S. Ins. Co. v. Brewster*, 249 S.W.3d 6, 13 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("Well-settled law compels that we presume that proceedings in the trial court, as well as its judgment, are regular and correct."); *Raffaelli*, 905 S.W.2d at 776 ("We presume the trial court proceedings to be regular and in compliance with the law. Thus, we presume that the trial court followed the law and admitted the agency record into evidence.") (citations omitted). As in *Raffaelli*, there is "no logical conclusion other than this: the agency record—including a complete transcription of the administrative

proceedings against [Curry]—is before us as part of the [clerk's record] and can be examined as part of the appellate review process." *See* 905 S.W.2d at 776.

Furthermore, we observe that the scope of our review requires us to examine the decisions of the ALJ on Curry's remaining issues, not the judgment of the trial court. *Lavender*, 935 S.W.2d at 929 n.13; *see, e.g.*, *Patel*, 409 S.W.3d at 767–68 (analyzing sufficiency of evidence supporting ALJ's determination). The complete administrative record is before us as part of the clerk's record. We also observe that Curry referenced the administrative record in her filings in the trial court, and DPS did not object to these references even though it did object to other aspects of Curry's case, such as her attempt to take a deposition.

The presumptions of law and evidence before us indicate that the administrative record was at least constructively considered by the trial court, in compliance with the requirements of *Nueces Canyon* that an appellant may bring an administrative record in an appeal governed by the APA as part of either the reporter's record or clerk's record so long as some evidence demonstrates that the trial court admitted the record. 917 S.W.2d at 776; *see also Tex. Health Enters., Inc. v. Tex. Dep't of Human Servs.*, 949 S.W.2d 313, 314 (Tex. 1997) (discussing requirements of *Nueces Canyon* and holding that where administrative record was filed with district court clerk but not formally offered into evidence and statement of facts and trial court order "leave no doubt . . . that both parties relied on the

13

administrative record in their arguments and that the court based its decision on the administrative record," appeals court should treat administrative record as if it had been admitted); *Monroe*, 983 S.W.2d at 56 ("Because there is some evidence the county court at law considered the record of the administrative hearing, we find the parties treated the record as admitted and this court will consider such record on appeal."); *Tex. Dep't of Pub. Safety v. Guajardo*, 970 S.W.2d 602, 605 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (applying *Nueces Canyon* and *Texas Health Enterprises* in treating administrative record as if it had been admitted into evidence because administrative record had been filed with county court clerk even if not formally admitted into evidence, "both parties' contentions were based on the materials in the administrative record, and both sides and the court proceeded as if the record was in evidence"); *Stacy*, 954 S.W.2d at 83 ("Under these circumstances, when there is no confusion about the record before the trial court [despite the failure to admit the administrative record into evidence in the trial court], we may review the administrative record that appears in our transcript."). And we are mindful of the admonition that we "cannot avoid [our] obligation to 'address every issue raised and necessary to final disposition of the appeal' by elevating form over substance." *Nueces Canyon*, 917 S.W.2d at 775–76 (quoting *Office of Pub. Util. Counsel v. Pub. Util. Comm'n*, 878 S.W.2d 598, 599 (Tex. 1994) (per curiam)).

We conclude that we may consider the merits of Curry's first, second, and fourth issues in light of the administrative record before us.

### ALJ's Ruling Quashing Subpoena of Deputy Mayorga

In her first, second, and fourth issues, Curry argues that the ALJ erred in quashing her subpoena of Deputy Mayorga to appear at the agency hearing, effectively challenging the ALJ's fact finding that "[t]here was insufficient evidence that the subpoena was served pursuant to SOAH Rule 159.103(f)(1)" and its subsequent decision to give "full weight" to the deputy's report. Specifically, she argues that DPS's objection to the subpoena was untimely and that the oral motion to quash made at the hearing was inappropriate; that the ALJ erred in finding that Deputy Mayorga was not properly served and in granting the motion to quash; and that the ALJ erred by giving full weight to Deputy Mayorga's report because he failed to comply with the subpoena.

### A.    Timeliness and Form of Objection to Subpoena and Motion to Quash

In her first issue, Curry complains that the ALJ erred in considering DPS's objection to the subpoena because it was untimely and was made orally on the record at the hearing. However, Curry did not object on this basis before the ALJ. She asked that she be able to contact her process server to seek information about the details of the service, which the ALJ allowed her to do. She then argued that

the service was done in accordance with HCSO's policies and was therefore proper.

A timely, specific objection is required to preserve a complaint for review on appeal, and any complaint made on appeal must comport with the objection made in the trial court. *See* TEX. R. APP. P. 33.1(a); *Religious of Sacred Heart of Tex. v. City of Houston*, 836 S.W.2d 606, 614 (Tex. 1992); *J.C. Penney Life Ins. Co. v. Heinrich*, 32 S.W.3d 280, 290 (Tex. App.—San Antonio 2000, pet. denied). Because Curry failed to complain about the timeliness or form of the motion to quash before the ALJ, she waived these complaints for consideration on appeal.

We overrule Curry's first issue.

## B.     The ALJ's Ruling Quashing the Subpoena

In her fourth issue, Curry argues that the ALJ abused its discretion in quashing the subpoena issued to Deputy Mayorga because the ALJ "was fully informed of the lawful means of service and [it] recognized that the return of service was compliant with [SOAH] rules." In her second issue, she argues that she properly served Deputy Mayorga and that the ALJ erred in failing to dismiss her case when he did not appear at the hearing.

Texas Administrative Code ("TAC") chapter 159 governs hearings on administrative license suspensions. 1 TEX. ADMIN. CODE § 159.1(a) (West 2015); *Hodge v. Tex. Dep't of Pub. Safety*, No. 01-12-00259-CV, 2013 WL 4680378, at

16

*1 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op.). TAC section 159.103 provides the rules governing subpoenas at an administrative license suspension hearing. Section 159.103(f)(1) provides that "[t]he party who issues or is granted a subpoena shall be responsible for having the subpoena served in accordance with Texas Rule of Civil Procedure 176.5, or by accepted alternative methods established by a peace officer's law enforcement agency." 1 TEX. ADMIN. CODE § 159.103(f)(1) (West 2015). Rule of Civil Procedure 176.5(a) provides generally that "[a] subpoena must be served by delivering a copy to the witness and tendering to that person any fees required by law." TEX. R. CIV. P. 176.5(a). Rule 176.5(b) provides, "Proof of service must be made by filing either: (1) the witness's signed written memorandum attached to the subpoena showing that the witness accepted the subpoena; or (2) a statement by the person who made the service stating the date, time, and manner of service, and the name of the person served." TEX. R. CIV. P. 176.5(b).

Here, the ALJ found that the evidence was insufficient to prove that Deputy Mayorga was properly served. We must presume that the ALJ's finding is supported by substantial evidence and affirm the ALJ's decision if more than a scintilla of evidence supports it. *See Patel*, 409 S.W.3d at 768; *see also Mireles*, 9 S.W.3d at 131 (reviewing court may affirm "even if the evidence preponderates

against" administrative order so long as there is more than scintilla of evidence to support order).

Curry's issue involves not just the weight of the evidence regarding service of the subpoena on Deputy Mayorga, but also the ALJ's decision to quash the subpoena. A reviewing court "shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercises of discretion." TEX. GOV'T CODE ANN. § 2001.174(2)(F); *Hodge*, 2013 WL 4680378, at *2; *see also In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (stating that trial court's determination of motion to quash subpoena is reviewed for abuse of discretion). An abuse of discretion occurs when the ALJ acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Hodge*, 2013 WL 4680378, at *2 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

Here, the return of service stated that service of the subpoena was made in person. However, the "acceptance of service" was executed by an employee of the HCSO's patrol group—not by Deputy Mayorga. Thus, the return of service here did not comply with Rule 176.5(b). It did not contain a signed written memorandum of the witness showing that he accepted the subpoena, nor did it

18

contain a statement by the person who made the service stating that service was made in an alternative manner. *See* TEX. R. CIV. P. 176.5(b).

Curry argues that she established at the hearing that Deputy Mayorga was properly served because she followed the procedure required by the Harris County Sheriff's Office for serving deputies with subpoenas to appear at administrative hearings and because she used the return of service form required by the SOAH rules. However, the ALJ expressed a concern on the record at the hearing that she could not be sure that Deputy Mayorga was actually employed at the patrol group where service was made, and Curry offered no evidence on this issue. The ALJ also recognized that Curry used the form required by the SOAH rules, but observed that Curry's process server could have made a notation on that form that service was accomplished by an alternative method. Curry failed to provide any argument or evidence indicating why that was not necessary.

We conclude that at least a scintilla of evidence supports the ALJ's finding that the evidence was insufficient to prove that Deputy Mayorga was properly served and that the ALJ did not abuse its discretion in quashing the subpoena on this basis. *See* TEX. GOV'T CODE ANN. § 2001.174(2)(F); *Hodge*, 2013 WL 4680378, at *2. Because the ALJ did not abuse its discretion in quashing the subpoena, we conclude that it likewise did not err in giving Deputy Mayorga's report full weight. *See* 1 TEX. ADMIN. CODE § 159.211(c)(2) (West 2015) ("*If the*

19

*defendant timely subpoenas an officer* and the officer fails to appear without good cause, information obtained from that officer shall not be admissible.") (emphasis added); *Tex. Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 558, 564–65 (Tex. 2012) (holding that ALJ acted within its discretion in admitting unsworn report of officer who did not appear at hearing).

We overrule Curry's second and fourth issues.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Massengale.

20