Opinion issued July 11, 2019



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00503-CV

———————————

## AARON JAMES SPARKMAN, Appellant

## V.

## ATTORNEY GENERAL OF TEXAS O/B/O SARAH ELIZABETH FULKERSON, Appellee

On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Case No. 68198

## MEMORANDUM OPINION

Appellant, Aaron James Sparkman, appeals from an order modifying his child support obligation as to his son, J.W.S. On appeal, he challenges the sufficiency of the evidence to support the order, arguing that the court did not consider his after-tax income. We affirm.

## Background

The Texas Attorney General filed suit for modification of a child support order entered in June 2012. The case was heard by a Title IV-D associate judge on June 5, 2018. The associate judge signed an order finding that there had been a material and substantial change in the circumstances of the child or the parties or that it had been three years since the prior child support order was rendered. The court found that Sparkman's gross monthly resources were $5,561.01 and that his net monthly resources were $4,138.55. The court ordered Sparkman to pay $178 per month in medical support and $724 per month in child support, a $27 per month decrease from his prior child support obligation.

## Analysis

On appeal, Sparkman argues that the trial court abused its discretion by ordering him to pay approximately $900 in medical and child support each month. Although not in the record, he asserts in his brief that he earns only $10 per hour at a 40-hour per week job.

Sparkman did not make a timely or proper request for the record. Such a request must be made to the official court reporter or recorder "at or before the time for perfecting appeal." TEX. R. APP. P. 34.6; *see In re D.D.A.*, No. 14-05-00046-CV, 2006 WL 1547869, at *1 (Tex. App.—Houston [14th Dist.] June 8, 2006, no pet.) (mem. op.). Sparkman filed a notice of appeal on June 8, 2018. On

2

July 30, 2018, he filed a document asking the district clerk's office to send "all documents" and the "affidavit of deemed indigency" to the court of appeals. No request for a record from the hearing appears in the record.

In general, a trial court's ruling on child support will not be reversed on appeal unless there is a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Brejon v. Johnson*, 314 S.W.3d 26, 29 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The test is whether the trial court acted arbitrarily, unreasonably, or without reference to guiding rules or principles. *Rogers v. Rogers*, No. 01-15-00224-CV, 2016 WL 3162299, at *5 (Tex. App.—Houston [1st Dist.] June 2, 2016, no pet.) (mem. op.) (citing *Brejon*, 314 S.W.3d at 29).

"Sufficiency challenges are not independent points of error in the child-support context, but are 'incorporated into an abuse of discretion determination.'" *Bello v. Bello*, No. 01-11-00594-CV, 2013 WL 4507876, at *2 (Tex. App.—Houston [1st Dist.] Aug. 22, 2013, no pet.) (mem. op.) (quoting *McGuire v. McGuire*, 4 S.W.3d 382, 387 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.)). When reviewing a discretionary ruling of the trial court that depends on evidence, we consider (1) whether the trial court had sufficient information upon which to exercise its discretion, and (2) whether the trial court erred in its application of discretion. *See Bello*, 2013 WL 4507876, at *2; *Moreno v. Perez*, 363 S.W.3d 725, 735 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A trial court does not abuse its

discretion when there is some evidence of a substantive and probative character to support its ruling. *Bello*, 2013 WL 4507876, at *2

"Generally, the appellant bears the burden to present a sufficient record to show error requiring reversal." *Curry v. Tex. Dep't of Pub. Safety*, 472 S.W.3d 346, 349 (Tex. App.—Houston [1st Dist.] 2015, no pet.). "When no reporter's record is filed, we indulge every presumption in favor of the trial court's findings." *Rogers*, 2016 WL 3162299, at *3; *see Curry*, 472 S.W.3d at 350; *Willms v. Ams. Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) ("[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order."). "Furthermore, without a complete record brought forward by the appellant, the court will conclude that the appellant has waived the points of error dependent on the state of the evidence." *Curry*, 472 S.W.3d at 350.

There is no reporter's record of the evidence presented in this case, and Sparkman did not file a formal bill of exception. *See* TEX. R. APP. P. 33.1(c). Without a record of the evidence, we know little about the underlying basis for the court's findings, and we are unable to determine whether the court abused its discretion in modifying the order for medical and child support. *See Rogers*, 2016 WL 3162299, at *5; *D.D.A.*, 2006 WL 1547869, at *3. Because we must presume that the evidence presented at the hearing was sufficient to support the order, we

hold that Sparkman did not meet his burden to show that the trial court abused its discretion. *See* TEX. R. APP. P. 44.1(a); *Rogers*, at 2016 WL 3162299, at \*5. Accordingly, we overrule Sparkman's issues.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Keyes, Kelly, and Goodman.