

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-18-00309-CV

———————————————————

BARBARA DILLARD, Appellant

V.

NORTH HILLS MANOR, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2018-002074-1

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

The county court signed a judgment of eviction in favor of Appellee North Hills Manor. Appellant Barbara Dillard, pro se, now appeals. We affirm.

## Background

On March 5, 2018, North Hills Manor filed in the justice court a sworn complaint for Dillard's eviction from property on Kearney Avenue in Fort Worth, Texas. It alleged that Dillard had failed to pay $4,949 in rent and that she was unlawfully holding over after the expiration of her lease "or renewal of extension period" on March 2, 2018. Dillard did not appear for trial, and on March 21, 2018, the justice court signed a judgment granting North Hills Manor possession of the property and awarding North Hills Manor $4,853.00 in delinquent rent.

Dillard appealed to the county court. At that time, she was represented by counsel. On July 27, 2018, the county court signed a "Rule 11 Agreement for Final Order." The order stated that the parties had mutually modified their lease to terminate on August 3, 2018; that Dillard agreed to surrender the premises by that date; and that North Hills Manor agreed that if Dillard vacated by that date, it would nonsuit or dismiss its eviction suit. On August 2, 2018, Dillard's attorney filed a motion to withdraw as counsel on the ground that Dillard no longer wanted him to represent her. The next day, Dillard filed a "Notice of Appeal" in the county court stating that her attorney "signed an agreement [that she] did not consent to."

On September 13, 2018, the county court signed a judgment awarding possession of the premises to North Hills Manor. The judgment reflected that Dillard had not appeared for trial. Dillard filed a motion for new trial, which the county court orally granted on September 21, 2018.

The county court subsequently signed a judgment stating that the case had been called to trial on September 28, 2018; that Dillard had appeared; and that, after considering the testimony and evidence, the court had found that North Hills Manor was entitled to judgment. The judgment ordered that North Hills Manor recover possession of the premises, past due rent of $1,100, postjudgment interest, and court costs. Dillard filed a motion for new trial, which the county court denied. This appeal followed.

## Discussion

Dillard first argues that the eviction was wrongful because although North Hills Manor's manager stated that the reason for the eviction was that she had been receiving social security benefits since 2018,[1] this statement was not true. She further complains that the county court would not allow her to submit evidence. Finally, she complains that the judgment is not supported by factually sufficient evidence.

---

[1]Dillard's brief is handwritten and, while we read the year as "2018," it may be 2014. Our disposition of Dillard's appeal does not depend on knowing the date she began receiving benefits.

3

Although Dillard does not specifically set out or identify issues in her brief, *see* Tex. R. App. P. 38.1(f), we construe these three arguments as her three issues.

As for Dillard's first issue, the record does not show what statements, if any, North Hills Manor made about her benefits, whether it introduced evidence on that topic, or whether Dillard tried but was not permitted to introduce evidence contradicting North Hills Manor's evidence.[2] *See* Tex. R. Evid. 103; Tex. R. App. P. 33.1, 33.2, 44.1. Dillard has therefore failed to preserve her complaint about North Hills Manor's statements.

Further, Dillard does not explain the relevance of the date that her benefits began or how North Hills Manor's statements about her benefits resulted in an improper judgment. *See* Tex. R. App. P. 44.1. Although we liberally construe pro se briefs, we hold litigants who represent themselves to the same standards as litigants who are represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Under the Texas Rules of Appellate Procedure, an appellant's brief must "contain a clear and concise argument for the contentions made, with

---

[2]On January 30, 2019, we notified Dillard that she had not made a designation for the reporter's record. *See* Tex. R. App. P. 34.6(b)(1), 35.3(b)(2). We cautioned her that she had until Monday, February 11, 2019, to do so and to provide this court with proof of designation, or else this court might consider and decide only those issues or points that did not require a reporter's record for a decision. Dillard did not comply. Accordingly, we notified the parties that because Dillard had failed to request a reporter's record, we would consider only her issues or points that did not require a reporter's record.

appropriate citations to authorities and to the record."[3] Tex. R. App. P. 38.1(i). A brief that has no appropriate record citations or substantive analysis does not present an adequate issue for our review. *See generally Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (recognizing long-standing rule that error may be waived due to inadequate briefing). Dillard's brief contains no analysis and no discussion of any legal authority. Accordingly, her issue is inadequately briefed and is therefore waived. We overrule her first issue.

As for Dillard's second issue, it, too, is inadequately briefed because the brief contains no analysis of the issue or any citations to authority or to the record. *See id.* Additionally, Dillard does not specify what evidence the county court refused to consider or admit and does not explain why exclusion of this evidence requires reversal of the county court's judgment. The record does not show that Dillard offered evidence or that the county court made a ruling on the admissibility of the evidence. *See* Tex. R. App. 33.1. Dillard has therefore not shown that she preserved her evidentiary complaints. *See id.*

Further, we have no record of any offer of proof by Dillard at the hearing, and the record does not contain a bill of exceptions. *See* Tex. R. Evid. 103; Tex. R. App.

---

[3]Dillard filed her appellant's brief on May 16, 2019. That same date, this court notified her that the brief did not comply with Rule 38.1 of the Texas Rules of Appellate Procedure, and we requested that she file an amended brief. She did not do so. We therefore notified her that the appeal would proceed on her May 16, 2019 brief.

P. 33.2. "[W]hen evidence is excluded by the trial court, the proponent of the evidence must preserve the evidence in the record in order to complain of the exclusion on appeal," and failure to do so results in waiver of the complaint. *Bobbora v. Unitrin Ins. Servs.*, 255 S.W.3d 331, 335 (Tex. App.—Dallas 2008, no pet.). Thus, Dillard waived her second issue by both inadequately briefing it and by failing to preserve in the record the substance of the evidence that the county court purportedly excluded. *See* Tex. R. App. P. 38.1; *Fredonia State Bank*, 881 S.W.2d at 284–85; *Bobbora*, 255 S.W.3d at 335. We overrule her second issue.

Finally, Dillard's third issue is also inadequately briefed. As noted, her brief contains no analysis and no citations to relevant authority. *See* Tex. R. App. P. 38.1; *Fredonia State Bank*, 881 S.W.2d at 284–85; *Bobbora*, 255 S.W.3d at 335. Dillard does not identify or discuss the evidence admitted at trial. And, more importantly, because Dillard failed to request a reporter's record, we must presume that sufficient evidence supports the judgment. *Curry v. Tex. Dep't of Pub. Safety*, 472 S.W.3d 346, 349–50 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Espinoza v. Wells Fargo Bank, N.A.*, No. 02-13-00111-CV, 2013 WL 6046611, at *3 (Tex. App.—Fort Worth Nov. 14, 2013, pet. denied) (mem. op.). We overrule her third issue.

## Conclusion

Having overruled Dillard's three issues, we affirm the county court's judgment.

/s/ Mike Wallach

Mike Wallach

Justice

Delivered:  October 10, 2019